# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

Case No. _____

| | |
|---|---|
| CHRISTA ADKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ONE ADVANTAGE, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Christa Adkins, alleges Defendant One Advantage, LLC violated the Florida Consumer Collection Practices Act § 559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act § 1692 *et seq.* ("FDCPA") for illegal collection practices.

## PARTIES

1. Plaintiff is a natural person and resident of Miami-Dade County, Florida.

2. Defendant is a foreign limited liability company with its principal place of business at 7650 Magna Drive Belleville, Illinois 62223.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 USC 1331 because this case arises under the FDCPA, a federal statute.

4. This Court has personal jurisdiction over Defendant because it conducts business in Florida and its voluntary contact with Plaintiff to collect debts in Florida made it foreseeable that Defendant would be haled into a Florida Court. *See Burger King Corp. v. Rudzewicz*, 471 U.S.

462, 474 (1985).

5. Venue is proper because the alleged acts and transactions complained of occurred here; the Defendant transacts and conducts business here; and Defendant illegally attempted to collect a debt from Plaintiff within this venue.

**FACTUAL ALLEGATIONS**

6. On December 14, 2019, Plaintiff was involved in a serious car accident.

7. As a result of the accident, Plaintiff was taken by ambulance to Jackson Memorial Hospital ("Jackson") where she received emergency medical services.

8. Jackson billed Plaintiff's car insurance carrier, Geico, $22,295 for the emergency medical care.

9. Geico paid Jackson and exhausted her PIP benefits.

10. Jackson also billed Plaintiff's health insurance carrier, United Healthcare, $22,295 for the emergency medical care.

11. United Healthcare negotiated a discount with Jackson for the medical bills.

12. As a result of the discount, Plaintiff owed no money to Jackson for the emergency medical services.

13. The explanation of benefits from United HealthCare show the total amount Plaintiff owed is zero. See Exhibit A.

14. Even though Plaintiff's financial responsibility is zero, Jackson hired Defendant to try and collect $6,510 from Plaintiff.

15. On information and belief, Jackson gave Defendant information showing Plaintiff does not owe $6,510.

16. On information and belief, Jackson has told Defendant that Plaintiff does not owe

$6,510.

17. On August 11, 2020, Defendant sent a debt collection letter to Plaintiff demanding she pay $6,510. Exhibit B.

18. As explained above, Plaintiff does not owe Jackson $6,510.

19. On August 19, 2020, Plaintiff contacted Defendant and disputed the debt.

20. Plaintiff mailed the EOBs to Defendant proving she does not owe the debt.

21. Defendant received the documents because Plaintiff sent them by certified mail.

22. Defendant's illegal collection activity has wasted Plaintiff's time in disputing the debt.

23. Defendant's illegal collection activity has forced Plaintiff to spend money on certified mail.

24. Defendant has told Plaintiff that if she does not pay the erroneous debt, then it could be reported on her credit report, which has caused Plaintiff anxiety and fear about paying a debt she does not owe thereby ruining her credit score.

## COUNT I AS TO DEFENDANT'S VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT § 559.72(9)

25. Plaintiff is a "consumer" as defined by Florida Statute § 559.55(8) because she is a natural person allegedly obligated to pay a debt for medical care.

26. Defendant is a "person" as defined under the FCCPA because it attempted to collect a consumer debt from Plaintiff.

27. On information and belief, Defendant received information from Jackson showing Plaintiff does not owe $6,510.

28. Despite having received that information, Defendant tried to collect $6,510 from Plaintiff.

29. Because of Defendant's FCCPA violations, Plaintiff has wasted time disputing the debt allegedly owed and spent money mailing documents to Defendant by certified mail.

30. Defendant's FCCPA violation has also invaded Plaintiff's statutory right to be free from illegal collection activity and caused her frustration and anxiety.

31. Defendant's illegal collection activity also put Plaintiff in imminent danger of paying a debt she does not owe to ensure her credit is not harmed.

32. Because of the above violation of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages up to $1,000.00, and attorney's fees and all costs of Plaintiff's representation. § 559.77(2).

## COUNT II AS TO DEFENDANT'S VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT § 1692e(2)(A)

33. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because she is a natural person allegedly obligated to pay a debt for medical care.

34. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it uses the United States mail in the business the principal purpose of which is the collection of debt owed or asserted to be owed or due another.

35. Defendant falsely represented the character, amount, and legal status of an alleged debt by demanding Plaintiff pay $6,510 she does not owe.

36. Because of Defendant's FDCPA violation, Plaintiff has wasted time disputing the debt allegedly owed and spent money mailing documents to Defendant by certified mail.

37. Defendant's FDCPA violation has invaded Plaintiff's statutory right to be free from illegal collection activity and caused her frustration and anxiety.

38. Defendant's illegal collection activity also put Plaintiff in imminent danger of paying a debt she does not owe to ensure her credit is not harmed.

39. As a result of the above violation of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages up to $1,000.00, and attorney's fees and all costs of Plaintiff's representation. 15 U.S.C. § 1692k et seq.

### COUNT III AS TO DEFENDANT'S VIOLATION OF
### THE FAIR DEBT COLLECTION PRACTICES ACT § 1692f(1)

40. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because she is a natural person allegedly obligated to pay a debt for medical care.

41. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it uses the United States mail in the business the principal purpose of which is the collection of debt owed or asserted to be owed or due another.

42. Defendant attempted to collect a known non-existent debt from Plaintiff that was not permitted by law or agreement.

43. Because of Defendant's FDCPA violation, Plaintiff has wasted time disputing the debt allegedly owed and spent money mailing documents to Defendant by certified mail.

44. Defendant's FDCPA violation has also invaded Plaintiff's statutory right to be free from illegal collection activity and caused her frustration and anxiety.

45. Defendant's illegal collection activity also put Plaintiff in imminent danger of paying a debt she does not owe to ensure her credit is not harmed.

46. As a result of the above violation of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages up to $1,000.00, and attorney's fees and all costs of Plaintiff's representation. 15 U.S.C. § 1692k et seq.

### Relief Requested

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendant for all of the following:

    a. Actual damages.

    b. Statutory damages pursuant to Fla. Stat. § 559.77(2).

    c. Statutory damages pursuant to 15 U.S.C. § 1692k.

    d. Reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2).

    e. Reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

    f. Such other and further relief as the Court may deem to be just and proper.

Plaintiff respectfully demands trial by jury in this action.

WHEREFORE, based on the above stated in this Complaint, Plaintiff has been the subject of the Defendant's illegal collection conduct in violation of the FCCPA and FDCPA. Plaintiff respectfully requests this Honorable Court to enter judgment for the Plaintiff on all counts and requested forms of relief.

Dated: September 9, 2020                Respectfully submitted,

                                            */s/ Darren R. Newhart*
Darren R. Newhart, Esq.
FL Bar No: 0115546
E-mail: darren@newhartlegal.com
NEWHART LEGAL, P.A.
14611 Southern Blvd, Suite 1351
Loxahatchee, FL 33470
Telephone: (561) 331-1806
Facsimile: (561) 473-2946